FILED

1 │ SANDRA R. BROWN
Acting United States Attorney
2 │ THOMAS D. COKER
Assistant United States Attorney

2017 MAY 30  PM 3: 14

3 │ Chief, Tax Division
CHARLES PARKER (Cal. Bar No. 283078)
4 │ Assistant United States Attorney
JAMES C. HUGHES (Cal. Bar No. 263878)
5 │ Assistant United States Attorney
      Federal Building, Suite 7211
6 │     300 North Los Angeles Street
      Los Angeles, California 90012
7 │     Telephone: (213) 894-2740/4961
      Facsimile: (213) 894-0115
8 │     E-mail:   charles.parker@usdoj.gov
                james.hughes2@usdoj.gov
9 │
Attorneys for Plaintiff
10 │ UNITED STATES OF AMERICA

11 │          UNITED STATES DISTRICT COURT

12 │        FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 │ UNITED STATES OF AMERICA,      No. CR CR 00322

14 │          Plaintiff,      PLEA AGREEMENT FOR DEFENDANT MARC
EDWARD MANI
15 │          v.

16 │ MARC EDWARD MANI,

17 │          Defendant.

18 │

19 │     1.   This constitutes the plea agreement between MARC EDWARD

20 │ MANI ("defendant") and the United States Attorney's Office for the

21 │ Central District of California ("the USAO") in the above-captioned

22 │ case.  This agreement is limited to the USAO and cannot bind any

23 │ other federal, state, local, or foreign prosecuting, enforcement,

24 │ administrative, or regulatory authorities and is subject to the

25 │ approval of the Department of Justice, Tax Division.

26 │               DEFENDANT'S OBLIGATIONS

27 │     2.   Defendant agrees to:

28 │

1

a.    Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a one count Information in the form attached to this agreement or a substantially similar form, which charges defendant with failure to file a foreign bank and financial account report in violation of 31 U.S.C. §§ 5314 and 5322(a), and 31 C.F.R. § 1010.350 (formerly § 103.24) for the year 2013.

b.    Not contest facts agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g.    Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

3.    Defendant further agrees to cooperate fully with the USAO, the Internal Revenue Service ("IRS"), and, as directed by the USAO, any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.  This cooperation requires defendant to:

1      a.   Respond truthfully and completely to all questions
2  that may be put to defendant, whether in interviews, before a grand
3  jury, or at any trial or other court proceeding.

4      b.   Attend all meetings, grand jury sessions, trials or
5  other proceedings at which defendant's presence is requested by the
6  USAO or compelled by subpoena or court order.

7      c.   Produce voluntarily all documents, records, or other
8  tangible evidence relating to matters about which the USAO, or its
9  designee, inquires.

10     4.   For purposes of this agreement: (1) "Cooperation
11 Information" shall mean any statements made, or documents, records,
12 tangible evidence, or other information provided, by defendant
13 pursuant to defendant's cooperation under this agreement; and
14 (2) "Plea Information" shall mean any statements made by defendant,
15 under oath, at the guilty plea hearing and the agreed to factual
16 basis statement in this agreement.

17                  DEFENDANT'S OTHER OBLIGATIONS

18     5.   Defendant admits that defendant received unreported income
19 for years 2012, 2013, and 2014.  Defendant agrees:

20     a.   To cooperate with the IRS in the civil examination,
21 determination, assessment and collection of income taxes related to
22 defendant's 2012, 2013, and 2014 income tax returns and any related
23 corporate/entity tax returns, and further agrees not to conceal,
24 transfer, or dissipate funds or property that could be used to
25 satisfy such taxes, penalties, and interest.

26     b.   To sign Closing Agreements with the IRS prior to the
27 time of sentencing for the years 2012, 2013, and 2014, correctly
28 reporting income and deductions for these years and to sign

                                3

1    Agreements to Assessment and Collection of Penalties Under 31 U.S.C.

2    § 5321(a)(5) and 5321(a)(6) (Form 13449) with the IRS prior to

3    sentencing for years 2012 and 2013.  Further, if requested to do so

4    by the IRS, will provide the IRS with information regarding the years

5    covered by the Closing Agreements, and will pay at or before

6    sentencing all additional taxes and all penalties and interest

7    assessed by the Internal Revenue Service pursuant to the Closing

8    Agreements.

9            c.    That defendant is liable for the penalty imposed by

10   the Internal Revenue Code pursuant to 26 U.S.C. § 6663 on the

11   understatements of tax liability for 2012, 2013, and 2014.

12           d.    That defendant gives up any and all objections that

13   could be asserted to the Examination Division of the Internal Revenue

14   Service receiving materials or information obtained during the

15   criminal investigation of this matter, including materials and

16   information obtained through grand jury subpoenas.

17           e.    That nothing in this agreement shall preclude or bar

18   the IRS from assessment and/or collection of any additional tax

19   liability, including interest and penalties, determined to be due and

20   owing from defendant by the IRS for 2012, 2013, and 2014.

21           f.    That, for failing to file a Report of Foreign Bank and

22   Financial Accounts, FinCEN Form 114 (formerly Form TD F 90-22.1), and

23   other foreign information reporting obligations under United States

24   law, for tax year 2012, defendant will pay a $100,000 penalty, and

25   agrees to pay this sum of money to the United States Treasury prior

26   to sentencing, through the USAO.

27           g.    That, for failing to file a Report of Foreign Bank and

28   Financial Accounts, FinCEN Form 114 (formerly Form TD F 90-22.1), and

4

1  other foreign information reporting obligations under United States

2  law, for tax year 2013, defendant will pay a $100,000 penalty, and

3  agrees to pay this sum of money to the United States Treasury prior

4  to sentencing, through the USAO.

5  THE USAO'S OBLIGATIONS

6      6.   The USAO agrees to:

7          a.   Not contest facts agreed to in this agreement.

8          b.   Abide by all agreements regarding sentencing contained

9  in this agreement.

10          c.   At the time of sentencing, provided that defendant

11  demonstrates an acceptance of responsibility for the offense up to

12  and including the time of sentencing, recommend a two-level reduction

13  in the applicable Sentencing Guidelines offense level, pursuant to

14  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

15  additional one-level reduction if available under that section.

16          d.   Not further criminally prosecute defendant for any

17  additional violations known to the USAO at the time of the plea

18  arising out of defendant's conduct described in the agreed-to factual

19  basis set forth in paragraph 16 below.  Defendant understands that

20  the USAO is free to criminally prosecute defendant for any other

21  unlawful past conduct or any unlawful conduct that occurs after the

22  date of this agreement.  Defendant agrees that at the time of

23  sentencing the Court may consider the uncharged conduct in

24  determining the applicable Sentencing Guidelines range, the propriety

25  and extent of any departure from that range, and the sentence to be

26  imposed after consideration of the Sentencing Guidelines and all

27  other relevant factors under 18 U.S.C. § 3553(a).

28      7.   The USAO further agrees:

5

1          a.    Not to offer as evidence in its case-in-chief in the
2  above-captioned case or any other criminal prosecution that may be
3  brought against defendant by the USAO, or in connection with any
4  sentencing proceeding in any criminal case that may be brought
5  against defendant by the USAO, any Cooperation Information.
6  Defendant agrees, however, that the USAO may use both Cooperation
7  Information and Plea Information: (1) to obtain and pursue leads to
8  other evidence, which evidence may be used for any purpose, including
9  any criminal prosecution of defendant; (2) to cross-examine defendant
10  should defendant testify, or to rebut any evidence offered, or
11  argument or representation made, by defendant, defendant's counsel,
12  or a witness called by defendant in any trial, sentencing hearing, or
13  other court proceeding; and (3) in any criminal prosecution of
14  defendant for false statement, obstruction of justice, or perjury.
15          b.    Not to use Cooperation Information against defendant
16  at sentencing for the purpose of determining the applicable guideline
17  range, including the appropriateness of an upward departure, or the
18  sentence to be imposed, and to recommend to the Court that
19  Cooperation Information not be used in determining the applicable
20  guideline range or the sentence to be imposed.  Defendant
21  understands, however, that Cooperation Information will be disclosed
22  to the probation office and the Court, and that the Court may use
23  Cooperation Information for the purposes set forth in U.S.S.G
24  § 1B1.8(b) and for determining the sentence to be imposed.
25          c.    In connection with defendant's sentencing, to bring to
26  the Court's attention the nature and extent of defendant's
27  cooperation.
28

1          d.   If the USAO determines, in its exclusive judgment,

2    that defendant has both complied with defendant's obligations under

3    paragraphs 2 and 3 above and provided substantial assistance to law

4    enforcement in the prosecution or investigation of another

5    ("substantial assistance"), to move the Court pursuant to U.S.S.G.

6    § 5K1.1 to fix an offense level and corresponding guideline range

7    below that otherwise dictated by the sentencing guidelines, and to

8    recommend a term of imprisonment within this reduced range.

9          DEFENDANT'S UNDERSTANDINGS REGARDING COOPERATION

10      8.   Defendant understands the following:

11         a.   Any knowingly false or misleading statement by

12   defendant will subject defendant to prosecution for false statement,

13   obstruction of justice, and perjury and will constitute a breach by

14   defendant of this agreement.

15         b.   Nothing in this agreement requires the USAO or any

16   other prosecuting, enforcement, administrative, or regulatory

17   authority to accept any cooperation or assistance that defendant may

18   offer, or to use it in any particular way.

19         c.   Defendant cannot withdraw defendant's guilty plea if

20   the USAO does not make a motion pursuant to U.S.S.G. § 5K1.1 for a

21   reduced guideline range or if the USAO makes such a motion and the

22   Court does not grant it or if the Court grants such a USAO motion but

23   elects to sentence above the reduced range.

24         d.   At this time the USAO makes no agreement or

25   representation as to whether any cooperation that defendant has

26   provided or intends to provide constitutes or will constitute

27   substantial assistance.   The decision whether defendant has provided

28

1  substantial assistance will rest solely within the exclusive judgment

2  of the USAO.

3       e.   The USAO's determination whether defendant has

4  provided substantial assistance will not depend in any way on whether

5  the government prevails at any trial or court hearing in which

6  defendant testifies or in which the government otherwise presents

7  information resulting from defendant's cooperation.

8  NATURE OF THE OFFENSE

9      9.   Defendant understands that for defendant to be guilty of

10  the crime charged in Count One, (a violation of Title 31, United

11  States Code, Section 5314 and 5322, and 31 C.F.R. § 1010.350

12  (formerly §103.24)) the following must be true:

13       a.   Defendant must have had a financial interest in, or

14  signature or other authority over, a financial account in a foreign

15  country with an aggregate value of more than $10,000 at any time

16  during the year 2013;

17       b.   Defendant must have failed to file, with the

18  Department of Treasury, a Report of Foreign Bank and Financial

19  Accounts, FinCEN Form 114 (formerly Form TD F 90-22.1) ("FBAR"), for

20  the calendar year 2013, on or before June 30, 2014; and

21       c.   In failing to file the FBAR for 2013, defendant must

22  have acted willfully.

23  PENALTIES AND RESTITUTION

24      10.  Defendant understands that the statutory maximum sentence

25  that the Court can impose for a violation of 31 U.S.C. §§ 5314 and

26  5322(a), and 31 C.F.R. § 1010.350 is: five years imprisonment; a

27  three year period of supervised release; a fine of $250,000 or twice

28  the amount of gross gain or gross loss resulting from the offense,

8

1  whichever is greater; and a mandatory special assessment of $100.

2  Defendant agrees to pay the special assessment at or before the time

3  of sentencing.

4      11.  In the event defendant does not enter Closing Agreements,

5  including the FBAR Agreement, as defined in paragraph 5 above, or

6  full pay the amount of the Closing Agreements at or before the time

7  of sentencing, defendant agrees to pay, and that the Court should

8  order, restitution to the Internal Revenue Service in the total

9  amount of $637,878, pursuant to 18 U.S.C. § 3663(a)(3).

10      12.  Defendant agrees that this agreement, or any judgment,

11  order, release, or satisfaction issued in connection with this

12  agreement, will not satisfy, settle, or compromise the defendant's

13  obligation to pay the balance of any remaining civil liabilities,

14  including tax, additional tax, additions to tax, interest, and

15  penalties, owed to the IRS for the time period(s) covered by this

16  agreement or for any other time period.

17      13.  Defendant agrees that restitution is due and payable

18  immediately after the judgment is entered and is subject to immediate

19  enforcement, in full, by the United States.  If the Court imposes a

20  schedule of payments, defendant agrees that the schedule of payments

21  is a schedule of the minimum payment due, and that the payment

22  schedule does not prohibit or limit the methods by which the United

23  States may immediately enforce the judgment in full.

24      14.  If the Court orders the defendant to pay restitution to the

25  IRS for the failure to pay tax, either directly as part of the

26  sentence or as a condition of supervised release or probation, the

27  IRS will use the restitution order as the basis for a civil

28  assessment.  *See* 26 U.S.C. §6201(a)(4).  The defendant does not have

9

1  the right to challenge the amount of this restitution-based
2  assessment.  *See* 26 U.S.C. §6201(a)(4)(C).  Neither the existence of
3  a restitution payment schedule nor the defendant's timely payment of
4  restitution according to that schedule will preclude the IRS from
5  immediately collecting the full amount of the restitution-based
6  assessment, including by levy and distraint under 26 U.S.C. §6331.
7  Interest on the restitution-based assessment will accrue under 26
8  U.S.C. §§ 6601 and 6621 from the last date prescribed for payment of
9  the liability that is the subject of the restitution order to the
10 date that the IRS receives payment.
11     15.  Defendant agrees that he will sign any IRS forms deemed
12 necessary by the IRS to enable the IRS to make an immediate
13 assessment of that portion of the tax and interest that he agrees to
14 pay as restitution pursuant to this agreement.  Defendant also agrees
15 to sign IRS Form 8821, "Tax Information Authorization."
16     16.  Defendant agrees not to file any claim for refund of taxes,
17 or penalties represented by an amount of restitution paid pursuant to
18 this agreement.
19     17.  Defendant agrees to not seek the discharge of any
20 restitution obligation, in whole or in part, in any present or future
21 bankruptcy proceeding.
22     18.  The parties further agree that the tax loss determined for
23 criminal purposes is not binding for civil purposes and is exclusive
24 of civil penalties and interest.
25     19.  Defendant understands that supervised release is a period
26 of time following imprisonment during which defendant will be subject
27 to various restrictions and requirements.  Defendant understands that
28 if defendant violates one or more of the conditions of any supervised

1 release imposed, defendant may be returned to prison for all or part
2 of the term of supervised release authorized by statute for the
3 offense that resulted in the term of supervised release, which could
4 result in defendant serving a total term of imprisonment greater than
5 the statutory maximum stated above.

6     20.  Defendant understands that, by pleading guilty, defendant
7 may be giving up valuable government benefits and valuable civic
8 rights, such as the right to vote, the right to possess a firearm,
9 the right to hold office, and the right to serve on a jury.
10 Defendant understands that once the court accepts defendant's guilty
11 plea, it will be a federal felony for defendant to possess a firearm
12 or ammunition.  Defendant understands that the conviction in this
13 case may also subject defendant to various other collateral
14 consequences, including but not limited to revocation of probation,
15 parole, or supervised release in another case and suspension or
16 revocation of a professional license.  Defendant understands that
17 unanticipated collateral consequences will not serve as grounds to
18 withdraw defendant's guilty plea.

19     21.  Defendant understands that, if defendant is not a United
20 States citizen, the felony conviction in this case may subject
21 defendant to: removal, also known as deportation, which may, under
22 some circumstances, be mandatory; denial of citizenship; and denial
23 of admission to the United States in the future.  The court cannot,
24 and defendant's attorney also may not be able to, advise defendant
25 fully regarding the immigration consequences of the felony conviction
26 in this case.  Defendant understands that unexpected immigration
27 consequences will not serve as grounds to withdraw defendant's guilty
28 plea.

11

FACTUAL BASIS

22.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that the statement of facts in Attachment A is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 17 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

SENTENCING FACTORS

23.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

24.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

     a.  Tax Loss: The relevant actual, probable, or intended tax loss under Section 2T1.1 of the Sentencing Guidelines resulting from the offense committed in this case and all relevant conduct is

12

the tax loss associated with defendant's undeclared foreign earned income for years 2012, 2013, and 2014.  For sentencing purposes, the parties agree that the tax loss is $437,878, and therefore, the Offense Level is 18.  See U.S.S.G. §§ 2T1.1 and 2T4.1(F).

b.    Subject to paragraphs 7(d) and 37, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed. The USAO will agree to a downward adjustment for acceptance of responsibility (and, if applicable, move for an additional level under 3E1.1(b)) only if the conditions set forth in this agreement are met.  Defendant agrees, however, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section and to argue that defendant is not entitled to a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.

25.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

26.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

1

## WAIVER OF CONSTITUTIONAL RIGHTS

2      27.   Defendant understands that by pleading guilty, defendant

3   gives up the following rights:

4          a.   The right to persist in a plea of not guilty.

5          b.   The right to a speedy and public trial by jury.

6          c.   The right to be represented by counsel – and if

7   necessary have the court appoint counsel – at trial.  Defendant

8   understands, however, that, defendant retains the right to be

9   represented by counsel – and if necessary have the court appoint

10   counsel – at every other stage of the proceeding.

11          d.   The right to be presumed innocent and to have the

12   burden of proof placed on the government to prove defendant guilty

13   beyond a reasonable doubt.

14          e.   The right to confront and cross-examine witnesses

15   against defendant.

16          f.   The right to testify and to present evidence in

17   opposition to the charges, including the right to compel the

18   attendance of witnesses to testify.

19          g.   The right not to be compelled to testify, and, if

20   defendant chose not to testify or present evidence, to have that

21   choice not be used against defendant.

22          h.   Any and all rights to pursue any affirmative defenses,

23   Fourth Amendment or Fifth Amendment claims, and other pretrial

24   motions that have been filed or could be filed.

25                 WAIVER OF APPEAL OF CONVICTION

26      28.   Defendant understands that, with the exception of an appeal

27   based on a claim that defendant's guilty plea was involuntary, by

28   pleading guilty defendant is waiving and giving up any right to

1  appeal defendant's conviction on the offense to which defendant is

2  pleading guilty.

3                 LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

4        29.  Defendant agrees that, provided the Court imposes a term of

5  imprisonment within or below the range corresponding to an offense

6  level of 15 and the criminal history category calculated by the

7  Court, defendant gives up the right to appeal all of the following:

8  (a) the procedures and calculations used to determine and impose any

9  portion of the sentence, (b) the term of imprisonment imposed by the

10 Court (c) the fine imposed by the court, provided it is within the

11 statutory maximum; (d) the term of probation or supervised release

12 imposed by the Court, provided it is within the statutory maximum;

13 and (e) any of the following conditions of probation or supervised

14 release imposed by the Court: the conditions set forth in General

15 Orders 318, 01-05, and/or 05-02 of this Court; the drug testing

16 conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the

17 alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18       30.  The USAO agrees that, provided (a) all portions of the

19 sentence are at or below the statutory maximum specified above, (b)

20 the Court calculates the Offense Level to be used for selecting a

21 sentencing range under the Sentencing Guidelines to be at or above

22 Offense Level 15, prior to any departure under U.S.S.G. § 5K1.1, and

23 (c) the Court imposes a term of imprisonment within or above the

24 range corresponding to the offense level calculated after any

25 downward departure under U.S.S.G. § 5K1.1 and the criminal history

26 category calculated by the Court, the USAO gives up its right to

27 appeal any portion of the sentence.

28

## RESULT OF WITHDRAWAL OF GUILTY PLEA

31. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement, including in particular its obligations regarding the use of Cooperation Information; (b) in any investigation, criminal prosecution, or civil, administrative, or regulatory action, defendant agrees that any Cooperation Information and any evidence derived from any Cooperation Information shall be admissible against defendant, and defendant will not assert, and hereby waives and gives up, any claim under the United States Constitution, any statute, or any federal rule, that any Cooperation Information or any evidence derived from any Cooperation Information should be suppressed or is inadmissible; and (c) should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

1    32.   Defendant agrees that if the count of conviction is
2  vacated, reversed, or set aside, both the USAO and defendant will be
3  released from all their obligations under this agreement.

4                      EFFECTIVE DATE OF AGREEMENT

5    33.   This agreement is effective upon signature and execution of
6  all required certifications by defendant, defendant's counsel, and an
7  Assistant United States Attorney.

8                         BREACH OF AGREEMENT

9    34.   Defendant agrees that if defendant, at any time after the
10  signature of this agreement and execution of all required
11  certifications by defendant, defendant's counsel, and an Assistant
12  United States Attorney, knowingly violates or fails to perform any of
13  defendant's obligations under this agreement ("a breach"), the USAO
14  may declare this agreement breached.   For example, if defendant
15  knowingly, in an interview, before a grand jury, or at trial, falsely
16  accuses another person of criminal conduct or falsely minimizes
17  defendant's own role, or the role of another, in criminal conduct,
18  defendant will have breached this agreement.   All of defendant's
19  obligations are material, a single breach of this agreement is
20  sufficient for the USAO to declare a breach, and defendant shall not
21  be deemed to have cured a breach without the express agreement of the
22  USAO in writing.   If the USAO declares this agreement breached, and
23  the Court finds such a breach to have occurred, then:

24         a.   If defendant has previously entered a guilty plea
25  pursuant to this agreement, defendant will not be able to withdraw
26  the guilty plea.

27         b.   The USAO will be relieved of all its obligations under
28  this agreement; in particular, the USAO: (i) will no longer be bound

                                   17

by any agreements concerning sentencing and will be free to seek any sentence up to the statutory maximum for the crime to which defendant has pleaded guilty; (ii) will no longer be bound by any agreements regarding criminal prosecution, and will be free to criminally prosecute defendant for any crime, including charges that the USAO would otherwise have been obligated not to criminally prosecute pursuant to this agreement; and (iii) will no longer be bound by any agreement regarding the use of Cooperation Information and will be free to use any Cooperation Information in any way in any investigation, criminal prosecution, or civil, administrative, or regulatory action.

     c.    The USAO will be free to criminally prosecute defendant for false statement, obstruction of justice, and perjury based on any knowingly false or misleading statement by defendant.

     d.    In any investigation, criminal prosecution, or civil, administrative, or regulatory action: (i) defendant will not assert, and hereby waives and gives up, any claim that any Cooperation Information was obtained in violation of the Fifth Amendment privilege against compelled self-incrimination; and (ii) defendant agrees that any Cooperation Information and any Plea Information, as well as any evidence derived from any Cooperation Information or any Plea Information, shall be admissible against defendant, and defendant will not assert, and hereby waives and gives up, any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that any Cooperation Information, any Plea Information, or any evidence derived from any

1   Cooperation Information or any Plea Information should be suppressed

2   or is inadmissible.

3      35. Following the Court's finding of a knowing breach of this

4   agreement by defendant, should the USAO choose to pursue any charge

5   or any civil, administrative, or regulatory action that was either

6   dismissed or not filed as a result of this agreement, then:

7        a.  Defendant agrees that any applicable statute of

8   limitations is tolled between the date of defendant's signing of this

9   agreement and the filing commencing any such action.

10       b.  Defendant waives and gives up all defenses based on

11   the statute of limitations, any claim of pre-indictment delay, or any

12   speedy trial claim with respect to any such action, except to the

13   extent that such defenses existed as of the date of defendant's

14   signing this agreement.

15          COURT AND PROBATION OFFICE NOT PARTIES

16      36. Defendant understands that the Court and the United States

17   Probation Office are not parties to this agreement and need not

18   accept any of the USAO's sentencing recommendations or the parties'

19   agreements to facts or sentencing factors.

20      37. Defendant understands that both defendant and the USAO are

21   free to: (a) supplement the facts by supplying relevant information

22   to the United States Probation Office and the Court, (b) correct any

23   and all factual misstatements relating to the Court's Sentencing

24   Guidelines calculations and determination of sentence, and (c) argue

25   on appeal and collateral review that the Court's Sentencing

26   Guidelines calculations and the sentence it chooses to impose are not

27   error, although each party agrees to maintain its view that the

28   calculations in paragraph 24 are consistent with the facts of this

case.   While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

38.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.   Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

39.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//
//

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

40. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

SANDRA R. BROWN
Acting United States Attorney

_____        5/30/17
CHARLES PARKER                          Date
JAMES C. HUGHES
Assistant United States Attorneys

_____        5/10/17
MARC EDWARD MANI                        Date
Defendant

_____        5/10/17
NATHAN J. HOCHMAN                       Date
Attorney for Defendant
MARC EDWARD MANI

1    CERTIFICATION OF DEFENDANT

2        I have read this agreement in its entirety.  I have had enough

3    time to review and consider this agreement, and I have carefully and

4    thoroughly discussed every part of it with my attorney.  I understand

5    the terms of this agreement, and I voluntarily agree to those terms.

6    I have discussed the evidence with my attorney, and my attorney has

7    advised me of my rights, of possible pretrial motions that might be

8    filed, of possible defenses that might be asserted either prior to or

9    at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10   of relevant Sentencing Guidelines provisions, and of the consequences

11   of entering into this agreement.  No promises, inducements, or

12   representations of any kind have been made to me other than those

13   contained in this agreement.  No one has threatened or forced me in

14   any way to enter into this agreement.  I am satisfied with the

15   representation of my attorney in this matter, and I am pleading

16   guilty because I am guilty of the charges and wish to take advantage

17   of the promises set forth in this agreement, and not for any other

18   reason.

19

20   MARC EDWARD MANI                    5/10/17
     Defendant                          Date

21

22

23

24

25

26

27

28

1

CERTIFICATION OF DEFENDANT'S ATTORNEY

2      I am MARC MANI's attorney.  I have carefully and thoroughly

3  discussed every part of this agreement with my client.  Further, I

4  have fully advised my client of his rights, of possible pretrial

5  motions that might be filed, of possible defenses that might be

6  asserted either prior to or at trial, of the sentencing factors set

7  forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8  provisions, and of the consequences of entering into this agreement.

9  To my knowledge: no promises, inducements, or representations of any

10 kind have been made to my client other than those contained in this

11 agreement; no one has threatened or forced my client in any way to

12 enter into this agreement; my client's decision to enter into this

13 agreement is an informed and voluntary one; and the factual basis set

14 forth in this agreement is sufficient to support my client's entry of

15 a guilty plea pursuant to this agreement.

16

17 NATHAN J. HOCHMAN                              5/10/17
   Attorney for Defendant                        Date
18 MARC EDWARD MANI

19

20

21

22

23

24

25

26

27

28

ATTACHMENT A

STATEMENT OF FACTS

The United States Attorney's Office for the Central District of California and the defendant MARC EDWARD MANI ("defendant"), stipulate to and agree not to contest the following facts, and stipulate that such facts, in accordance with Rule 11(b)(3) of the Federal Rules of Criminal Procedure, provide a sufficient factual basis for the plea of guilty in this case.

1.    Defendant is a 48-year-old United States citizen and resident of Beverly Hills, California.

2.    In or around 2003, defendant incorporated Marc Mani, M.D., Inc. ("Mani M.D."), a plastic surgery center in Beverly Hills, California.  Defendant owns, operates, and is the primary plastic surgeon at Mani M.D.

3.    Mani M.D. is a registered California corporation that has elected to be taxed as an S corporation under the Internal Revenue Code.

4.    In 2011, defendant began traveling to Dubai to perform plastic surgery for a foreign medical center ("Medical Centre").

5.    In or around November 2011, defendant's then accountant, Accountant 1, who was aware that defendant was earning foreign income, informed defendant that he would be required to report any foreign bank accounts under his ownership or control to the IRS.

6.    Defendant reported $52,620 of foreign income he earned from performing medical services abroad on his 2011 federal income tax return.

7.    In 2012, defendant opened a bank account at Mashreq bank, a foreign financial institution based in Dubai, and began depositing

1

1   income he earned from the Medical Centre into the Mashreq account.
2   By February 2013, defendant's Mashreq account held currency worth
3   over $402,000 USD.
4      8.    From in or around May 2012, through February 28, 2013, the
5   balance of defendant's Mashreq bank account was in excess of $10,000.
6      9.    In 2013, defendant hired Accountant JB to prepare his 2012
7   income tax return.  Accountant JB prepared and filed defendant's
8   2012, 2013 and 2014 tax returns significantly underreporting
9   defendant's foreign sourced Medical Centre income.
10     10.   Prior to hiring Accountant JB, defendant consulted with
11  other accountants as to whether he had to report on his tax returns
12  any foreign bank accounts he may have and any foreign income he may
13  earn.  These other accountants informed defendant that he had to
14  report any foreign bank accounts he may have as well as any foreign
15  income he may earn.  Defendant disregarded this advice.
16     11.   With respect to Accountant JB, defendant discussed with
17  Accountant JB the foreign sourced income defendant was earning from
18  the Medical Centre from 2012 through 2014.  As defendant knew,
19  Accountant JB prepared and filed defendant's tax returns for 2012
20  through 2014 significantly underreporting the foreign sourced income
21  earned by defendant at the Medical Centre for those years.
22     12.   Between 2012 and 2014, defendant earned approximately
23  $1,280,000 in surgical fees working for the Medical Centre and failed
24  to report the vast majority of this income on his federal income tax
25  returns for the tax years 2012, 2013, and 2014.
26
27
28

1

## OBLIGATION TO FILE REPORT OF FOREIGN BANK AND ACCOUNTS

2      13.   United States citizens who have an interest in or a

3 signature or other authority over a financial account in a foreign

4 country with assets in excess of $10,000 are required to disclose and

5 report the foreign financial account to the United States Department

6 of Treasury for each year the financial account exists, and shall do

7 so by completing, and filing, a Report of Foreign bank and Financial

8 Accounts FinCEN Form 114 (formerly Form TD F 90-22.1) ("FBAR") with

9 the Internal Revenue Service ("IRS").  For the relevant years, the

10 deadline for filing a FBAR for each calendar year was on or before

11 June 30th of the following year.  In general, this date cannot be

12 extended.

26 //

27 //

28 //

## FAILURE TO FILE FBARS

14. For portions of 2012 and 2013, defendant maintained a balance of more than $10,000 in his foreign Mashreq bank account located in the United Arab Emirate of Dubai.

15. During 2012 and 2013, defendant had an ownership interest in and signatory authority over his Mashreq bank account in Dubai.

16. Beginning on or around 2011, defendant knew he was required to file a FBAR to disclose his ownership interest or signature authority in his Mashreq bank account.

17. Defendant willfully failed to file a FBAR to disclose his Mashreq bank account for the calendar years 2012 and 2013.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

SANDRA R. BROWN
Acting United States Attorney

_____          5/30/17
CHARLES PARKER                            _____
JAMES C. HUGHES                           Date
Assistant United States Attorneys

_____          5/10/17
MARC EDWARD MANI                          _____
Defendant                                 Date

_____          5/10/17
NATHAN J. HOCHMAN                         _____
Attorney for Defendant                    Date
MARC EDWARD MANI